## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

BRANDON COREY LASSITER,

     Plaintiff,

     v.

E.C.I. WARDEN D. DARDEN,
CHIEF OF SECURITY MULLIGAN,
LT. GRIFFITHS and
ASSISTANT WARDEN BAILEY,

     Defendants.

Civil Action No. TDC-22-2060

## MEMORANDUM OPINION

Self-represented Plaintiff Brandon Corey Lassiter, a state inmate formerly incarcerated at the Eastern Correctional Institution ("ECI") in Westover, Maryland, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against ECI Warden Debora Darden, Assistant Warden William Bailey, Chief of Security John Milligan, and Lt. Heather Griffiths. In the Complaint, Lassiter asserts that while he was designated to ECI, Defendants subjected him to unconstitutional conditions of confinement, in violation of the Eighth Amendment to the United States Constitution, by detaining him in a cell that had no running water "for days." Compl. at 2, ECF No. 1. He seeks monetary damages and a transfer to another facility. Lassiter has since been transferred to the Dorsey Run Correctional Facility in Jessup, Maryland.

Defendants have filed a Motion to Dismiss or for Summary Judgment. In response, Lassiter filed a "Declaration Pursuant to Fed. R. Civ. P. 56(d)" in which he asserts that discovery is necessary to allow him to respond adequately a Motion for Summary Judgment. Having

reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion will be GRANTED.

## BACKGROUND

In his Complaint, Lassiter alleges that while he was incarcerated at ECI in August or September 2021, he woke up to find no clean running water in the entire facility. Thus, he was unable to flush the toilet, brush his teeth, or drink "the recommended 8, 8 oz. glasses of water per day." Compl. at 2-3. In addition, the inmates were placed on lockdown, so Lassiter was forced to urinate in bottles and defecate on items such as dinner trays. Because of the heat, and because other inmates did the same, there was a foul odor throughout the facility. To avoid using the bathroom, Lassiter chose not to eat and was therefore "starving and hungry." *Id.* at 3.

Approximately one year later, on August 22, 2022, Lassiter filed the present Complaint in which he asserts that Defendants imposed cruel and unusual punishment in violation of the Eighth Amendment by neglecting to provide clean running water and creating "an environment that was unsafe/unstable for the Plaintiff's mental health and personal hygiene." *Id.* In the Complaint, Lassiter acknowledged that he did not file a grievance pursuant to the prison's Administrative Remedy Procedure because he was mentally distraught, and because the time for filing a grievance had passed.

In responding to the Motion, Defendants have submitted declarations and records demonstrating that there was a loss of water service to ECI on August 22, 2021 at 7:48 a.m. as a result of a computer processor problem at the Maryland Environmental Service ("MES") Water Treatment Plant. ECI locked down all compounds at 9:30 a.m., and at approximately 2:00 p.m., ECI staff passed out bottles of water to inmates. Although the MES Water Treatment Plant's computer processor was replaced and reprogrammed by 2:00 p.m., and the water supply to the

facility was restored, difficulty in maintaining water pressure levels necessitated water restrictions during the rest of that day and then a full shutdown of the ECI water system the next day, August 23, 2021, at 3:00 p.m. to allow the water tower to be refilled and re-pressurized. At approximately 4:00 p.m., portable restrooms and hand sanitizing stations were positioned outside every housing unit, and a continuous supply of drinking water was then being distributed. At 5:00 p.m., prison staff towed tanks of water onto the compound and used them to help clear cell toilets of waste. Beginning at 8:00 p.m., housing units began to have water service restored. By August 24, 2021, water was restored to all units.

## DISCUSSION

In their Motion, the Defendants seek dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56 on the grounds that: (1) Lassiter failed to exhaust administrative remedies; (2) Defendants are immune from suit under the Eleventh Amendment for claims against them in their official capacities; (3) Lassiter has not alleged personal participation by Defendants in the alleged wrongdoing; and (4) Defendants are entitled to qualified immunity.

## I.      Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable

to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Here, Defendants have submitted exhibits with their Motion.  When a court considers matters outside the pleadings, it must construe the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d).  Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*  "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).  To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002); *Hamilton v. Mayor & City Council of Balt.*, 807 F. Supp. 2d 331, 341 (D. Md. 2011).

 In opposing the Motion, Lassiter has submitted a Rule 56(d) declaration in which he asserts that he needs discovery on a number of topics including the cause of the incident that led to a loss of clean water, whether a "continuous supply" of drinking water was provided, and whether inmates had reasonable access to toilets. Opp'n at 3, ECF No. 12.  He also seeks discovery on whether prison officials thwart the ability of inmates to file ARPs.

Upon review of Lassiter's request, the Court concludes that discovery is not necessary on the issue of whether Lassiter exhausted administrative remedies because admitted in the Complaint that he did not file an Administrative Remedy Procedure complaint ("ARP") and that he failed to

do so not because of any actions by prison officials to prevent him from filing one, but because he felt "[m]entally distraught" and missed the 30-day deadline for filing a grievance. Compl. at 2. Discovery is not necessary on facts underlying the water stoppage and the steps taken to address it because the Court need not address the merits of the dispute to resolve the Motion. The Court will therefore deny the request for discovery and will proceed to resolve the Motion, construed as a motion for summary judgment, on the issue of exhaustion of administrative remedies.

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

## II.   Exhaustion of Administrative Remedies

Defendants primarily assert that Lassiter's claims should be dismissed because he has failed to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

5

other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2018). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable: when officers are "unable or consistently unwilling to provide any relief to aggrieved inmates," when the procedure is "so opaque that it becomes, practically speaking, incapable of use," or when "prison administrators thwart inmates from taking advantage of [filing grievances] through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44.

In Maryland prisons, for the type of grievance asserted by Lassiter, the Administrative Remedy Procedure is the administrative process that must be exhausted. Md. Code Regs. § 12.02.28.02(B)(1), (D) (2021). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. *Id.* § 12.02.28.05(D)(1) (requiring filing with the "managing official"); *id.* § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); *id.* § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely

response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. *Id.* § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210 (LexisNexis 2017); Md. Code Regs. § 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in the appropriate Maryland Circuit Court. *See* Md. Code Ann., Corr. Servs. § 10-210(a).

In the Complaint, Lassiter specifically acknowledged that he did not file an ARP relating to the loss of water at ECI. As discussed above, his stated reasons for failing to do so were that he was mentally distraught, and the 30-day deadline for filing a grievance had passed. These reasons do not fall into any of the recognized bases for excusing a failure to exhaust administrative remedies. *See Ross*, 578 U.S at 643-44. Thus, the Motion to Dismiss will be granted based on the failure to exhaust administrative remedies.

Consideration of the additional materials submitted, which requires treatment of the Motion as a Motion for Summary Judgment, leads to the same result. Defendants have submitted a declaration from a prison official confirming, based on a review of the relevant records, that Lassiter did not file an ARP regarding the lack of running water, and stating that Lassiter did not file any ARPs in 2021. Although Lassiter has submitted copy of an ARP on a different matter that he filed in 2021 and that was stamped as received by ECI staff and found to be meritorious, as well as a copy of the appeal to the Commissioner of Correction of that same ARP, he does not contest in any way that he failed to file an ARP relating to the water outage, a fact which he acknowledged in the Complaint. He has also provided no allegations that would support the inference that his failure to file an ARP was, as he now asserts, because "the administrative remedy procedure operates as a dead end," because prison staff is "consistently unwilling to provide any

7

relief to inmates" in his housing unit, or because prison staff "thwart[s] inmates from taking advantage of the ARP grievance process through machination, misrepresentation, or intimidation." Opp'n at 3. Rather, the fact that Lassiter previously filed at least one other ARP, which was deemed meritorious, demonstrates that none of these conditions are applicable here. In the end, where Lassiter provided in the Complaint the reason that he failed to file an ARP about this incident, and that reason was that he was "mentally distraught" and missed the deadline, Compl. at 2, not any problems with the ARP process so significant as to render the ARP process unavailable, *see Ross*, 578 U.S at 643-44, the Court will grant the Motion for Summary Judgment based on the failure to exhaust administrative remedies.

Because the Motion will be resolved on this basis, the Court need not and will not address the remaining arguments in the Motion. The Court notes, however, that even if it could consider the merits of the claims, the Complaint still contains insufficient allegations to support an Eighth Amendment claim of unconstitutional conditions of confinement, in particular because there have been no persuasive allegations that Defendants personally had the subjective intent to punish that is required, specifically that during the approximately 36 hours that the water was shutdown, they acted with deliberate indifference to a known excessive risk of harm to an inmate's health or safety, and that they knew that Lassiter faced "a serious danger to his safety and they could avert the danger easily yet they fail[ed] to do so." *Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir. 2010) (*quoting Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

8

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or for Summary Judgment will be GRANTED based on the failure to exhaust administrative remedies.  A separate Order shall issue.


Date:   September 8, 2023

THEODORE D. CHUANG
United States District Judge